IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DALE A COPEMANN,

      Plaintiffs,

v.                                 CASE NO. 1:11-cv-00040-MP-GRJ

SUSAN ALTMAN, et al,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a First Amended Complaint (Doc. 8) and an amended Motion To Proceed In Forma Pauperis (Doc. 9) after being directed to do so by the Court in the Court's March 3, 2011 Order. (Doc. 7.)

In the Court's March 3, 2011 Order Plaintiff was directed to identify what federal laws the defendants violated and explain how Defendants Altman and Bush acted under color of state law. Id. Plaintiff alleges that Defendants Susan Altman and Linda Bush – two employees at Vocational Rehabilitation in Gainesville, Florida – violated his rights under the Fourteenth Amendment by treating him in a disrespectful manner. Plaintiff complains that Ms. Altman failed to provide him with financial forms to enroll in a rehabilitation program. Further, Plaintiff alleges that when he insisted that Ms. Bush provide him with the form he needed Ms. Bush requested that Plaintiff leave the facility or go to a psychiatric facility. (Doc. 8.)

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)

(dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment

provisions do not). In order to authorize a litigant to proceed *in forma pauperis*, the

court must make two determinations: first, whether the litigant is unable to pay the costs

of commencing this action; and second, whether the action is frivolous or malicious."

Dycus v. Astrue, 2009 WL 47497, at *1 (S.D.Ala.2009). An application to proceed *in

forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty

requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d

1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th

Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue,

or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke

v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a

frivolous appeal under section 1915 as being one 'without arguable merit. " Harris v.

Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886,

892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "Moreland

v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817

F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd, 915 F.2d 636, 639

(11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are

slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that

[f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are

clearly baseless; legal theories are frivolous when they are indisputably meritless. ")

(citations omitted).

A successful section 1983 action requires a plaintiff to show he was deprived of

a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise. Rayburn, etc. v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

The reason Plaintiff was required to file an amended complaint was to include allegations demonstrating that Defendants Bush and Altman were state actors. The First Amended Complaint is devoid of any allegations suggesting that the Defendants

could be considered state actors.[1] The absence of any allegations that the Defendants are state actors is fatal to Plaintiff's claim under § 1983.

In addition to the fact that Plaintiff has failed to demonstrate the Defendants are state actors, the facts alleged by Plaintiff fail to give rise to a claim for violation of Plaintiff's constitutional rights. The alleged failure to provide the Plaintiff with requested forms and the alleged treatment of Plaintiff in a disrespectful manner while not optimal due not rise to the level of a constitutional violation. Accordingly, Plaintiff has not – and cannot on these facts – state a claim for relief under 42 U.S.C. §1983. Therefore, because Plaintiff's claims are without arguable merit and are frivolous the First Amended Complaint is due to be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the Plaintiff's Motion To Proceed In Forma Pauperis (Doc. 9) should be **DENIED** and this cause should be **DISMISSED** as frivolous and for failure to state a claim for relief.[2]

At Gainesville, Florida, this 18th day of March, 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[1] While Plaintiff included allegations in the original complaint implying that the Defendants may have been involved in administering a State of Florida education program, Plaintiff has not included these allegations in the First Amended Complaint or made any attempt to demonstrate that the Defendants may be sued as state actors.

[2] Although the docket does not reflect that Plaintiff's Motion to Appoint Counsel (Doc. 3) was ruled upon by the District Court for the District of Columbia before this case was transferred to the Northern District of Florida the motion to appoint counsel (Doc.3) should also be **DENIED** because the claim is frivolous and does not fall within the exceptional circumstance where counsel may be necessary.

## NOTICE TO THE PARTIES

       **Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**